IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00353-GCM
(3:03-cr-00067-GCM-DCK-1)

| | |
|---|---|
| LEWIS MOSES BYRD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** comes before the Court on consideration of Petitioner's pro se motion for reconsideration in light of the Fourth Circuit's opinion in Whiteside v. United States, 748 F.3d 541 (4th Cir.), vacated by, 775 F.3d 180 (4th Cir. 2014) (en banc), among other authority. Petitioner has filed multiple § 2255 motions which have been dismissed. The first § 2255 motion, see 3:08-cv-00257-GCM, was dismissed on the merits, and that order was affirmed on appeal. See United States v. Byrd, 437 Fed. App'x 275 (4th Cir. 2011) (per curiam) (unpublished). Petitioner then filed a motion for relief based on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the motion was dismissed as an unauthorized § 2255 motion. Lewis Byrd v. United States, No. 3:14-cv-00339-GCM (W.D.N.C. June 25, 2014).

In the present case, Petitioner's motion for relief from his criminal judgment was also dismissed as an unauthorized, successive petition pursuant to 28 U.S.C. § 2255(h). Petitioner's motion for reconsideration of that order of dismissal will likewise be dismissed as an unauthorized, collateral attack on his criminal judgment. Again, Petitioner has provided no

1

evidence that the Fourth Circuit has granted him authorization to proceed with another collateral attack.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for reconsideration is **DISMISSED** as an unauthorized, successive Section 2255 motion. (3:14-cv-00353, Doc. No. 4).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: April 9, 2015

Graham C. Mullen
United States District Judge